IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WHITE,<br>            Petitioner,<br>    vs.<br>CLAUDE E. FINN, Warden,<br>            Respondent. | Case No. CV F-00-6664 JKS<br><br>O R D E R |

    David White seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Nos. 1 (Pet.); 7 (Answer); 11 (Traverse). White pled no contest to possession of methamphetamine and admitted having suffered a strike and having served two prior prison terms. *See* Docket No. 7, Ex. 2 (Clerk's Transcript on Appeal (CT)) at 4–6. White's plea followed an indication from the judge that White's prior strike would be stricken and he would be given probation on several conditions, including that he complete a "lengthy live-in drug program." CT at 53. Upon learning of White's "abysmal" parole performance, however, the judge rescinded the offer. *Id*. Instead, the judge gave White the option of withdrawing his plea or affirming it in exchange for a revised bargain involving deferred sentencing. CT at 53. White chose to accept the revised deal and affirmed his no contest plea. CT at 54. Ultimately, the court found that White had violated the terms of his plea agreement and sentenced him to prison for eight years. Docket No. 7, Ex. 5 (Reporter's Transcript on Appeal (RT)) at 119–120. White appealed and the California Court of Appeal affirmed the trial court. The California Supreme Court denied review. Docket No. 7, Ex. 8. White then challenged his conviction and sentence in dual petitions for habeas corpus in state court. Docket No. 7, Ex. 9; *Id*. Ex. 10. Both petitions were denied without comment. Docket No. 7, Ex. 11.

    White argues that a writ of habeas corpus should issue on essentially four grounds: (1) The sentencing court violated his right to compulsory process by failing to grant his second request for a continuance of his sentencing hearing; (2) the plea bargain structured by the trial court violated his Fourteenth Amendment rights; (3) he suffered ineffective assistance of counsel in several respects;

1

and (4) he was denied presentence credits when his sentence was calculated.  The arguments are addressed in order.

## DISCUSSION

White's petition post-dates the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal court procedure for habeas corpus petitions. AEDPA permits a federal court to grant relief in habeas petitions only if the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  "The first prong applies both to questions of law and to mixed questions of law and fact, while the second prong applies to decisions based on factual determinations." *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2004) (citations omitted).  A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).  A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous."  *Lockyer*, 538 U.S. at 75.  When a state court does not supply a written rationale for its denial of a petition for habeas corpus, federal courts on habeas review conduct "an independent review of the record . . . to determine whether the state court clearly erred in its application of controlling federal law."  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

## I.     Continuance Request

At sentencing it was argued that White did not complete the residential portion of his drug treatment program.  A factual dispute arose as to whether White left the treatment program before being authorized to do so, or whether he completed a program which the Court found insufficient

ORDER

under the agreement. *See* RT at 61–64. At the hearing White gave his attorney a letter purportedly signed by the head of the in-patient treatment facility stating that White had completed a 60-day program. White's parole officer, however, had indicated to the court that White left the treatment program early. Confronted with this dispute, the court continued the sentencing hearing for one week to allow White's counsel to clarify the source of the letter and to secure the testimony of White's parole officer. RT at 66. Court reconvened one week later for sentencing, and White's parole officer testified. RT at 104. White's parole officer testified that he had spoken with the director of the drug treatment program and was told that White did not complete the program. RT at 105, 109. Following the parole officer's testimony, White's counsel moved for a second continuance, which the court denied. RT at 117–18. The court proceeded to sentence White, stating:

> [W]e have continued this judgment and sentencing out in attempt to get the facts before the Court. The Court has facts now before it to indicate clearly that Mr. White did not successfully complete the program as he agreed . . . instead Mr. White took it upon himself to smoke rock cocaine daily while he was out and enough is enough. Mr. White doesn't know a good opportunity or chance when he sees one. He was hit between the eyes with an opportunity and he doesn't get it so now he's going to get it.

RT at 118.

As a preliminary matter, the State argues that White has not exhausted this and other claims. White apparently did not raise the federal aspects of certain claims in his petition in California state court. The Court concludes, however, that the interests of judicial efficiency and comity are best served by reaching the merits of White's claims. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Boyd v. Thompson*, 147 F.2d 1124, 1127 (9th Cir. 1998).

Trial courts have broad discretion to grant or deny requests for continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). To succeed on this claim, White would have to show that the court's denial of the second continuance was "unreasoning and arbitrary." *Id*. White has made no such showing. While the letter purporting to show that White completed the program is somewhat troubling, the issue came out during the first sentencing hearing and could have been effectively dealt with by the time the second hearing occurred. Instead, there was no evidence at the second hearing that attempts were made to secure the testimony of the director of the drug treatment

ORDER

program, or that such testimony would have even benefitted White.  Furthermore, White did not testify, and nothing was brought out on cross-examination of White's parole officer to contradict the evidence that White left the program prematurely.  Denying the second continuance request was not "unreasoning and arbitrary."  *Id*.  Habeas relief is therefore not available for this claim.

## II.     Plea Bargain

White next argues that his plea bargain was structured in a way that denied him due process.  When confronted with a sentencing issue, "[t]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error . . . . Rather, the federal constitutional question is whether [the sentence] is 'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'" *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

White has not argued that the sentence he received under the terms of the plea agreement was "arbitrary or capricious."  On the contrary, he notes in his petition that the agreement was "beneficial to the petitioner."  As such, there can be no error of constitutional magnitude and the claim must fail.

## III.    Ineffective Assistance of Counsel Claims

White maintains that he received ineffective assistance of counsel from both his trial counsel and his appellate counsel.  He argues that his trial counsel was ineffective in "making an illegal plea bargain" and failing "to diligently defend petitioner at trial and sentencing."  Docket No. 1 at 5(a)–5(b).  His appellate counsel was ineffective, he argues, for filing a *Wende* brief, rather than raising two specific appellate issues, which White later raised himself.

The Constitution guarantees the right to a fair trial through the Due Process Clauses of the Fifth and Fourteenth Amendments and defines the basic elements of a fair trial in the Sixth Amendment.  *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984).  A fair trial, in essence, "is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding."  *Id*. at 685.  Because the right to counsel plays such a crucial role in the adversarial system, it is not enough that a lawyer merely be present at courtroom proceedings; a lawyer must, at the very least, demonstrate a basic level of competency.

ORDER

*Id*.  This conclusion follows directly from the purpose of the Sixth Amendment, which "is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id*. at 691–92.  To make a successful Sixth Amendment ineffective counsel challenge to a state court judgment, a petitioner must demonstrate that (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) but for these deficiencies, a reasonable probability exists that the outcome of the trial would have been more favorable to him.  *Id.* at 687–88, 691–92.

    **1.**    **Trial Counsel**

White first argues that his trial counsel was ineffective for allowing him to plead guilty.  He argues that the plea agreement was contrary to law because three strikes offenders are not eligible for commitment to any facility other than a state prison and that the plea agreement did not sufficiently protect him from three strikes enhancement.  *See* Cal. Penal Code § 667(c)(4).  Further, he asserts that his counsel should not have encouraged him to plead because extensive exculpatory evidence was available

"If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal proceedings.'" *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771(1970)).  White's arguments regarding his plea agreement must fail.  As the trial court noted on several occasions, the agreement was quite favorable to him.  Regardless of the permissibility of the arrangement under the California Three Strikes law, White cannot show prejudice resulting therefrom.  As the Court of Appeal stated on direct review anticipating his habeas claim, "White received the benefit of his bargain."  Docket No. 7, Ex. 6 at 3.

As to the relative strength of White's case and his attorney's advice to plead guilty, White would have to show that his attorney's advice fell below an objective standard of reasonableness and that but for the advice the outcome of the trial would have been more favorable to him. "Counsel's concern is the faithful representation of the interest of his client and such representation often involves highly practical considerations as well as specialized knowledge of the law." *Tollett*, 411 U.S. at 268.  A client's interests are not necessarily advanced by "contesting all guilt." *Id*. Rather, "[a] prospect of plea bargaining, the expectation or hope of a lesser sentence, or the

ORDER

convincing nature of evidence against the accused are considerations that might well suggest the advisability of a guilty plea." *Id*.

The record reflects that the evidence implicating White was overwhelming. The decision of White's counsel to avoid trial and opt instead for a highly favorable plea agreement appears to have stemmed from a measured review of the facts and the relative weakness of White's case. While the ultimate result was that White was sentenced to eight years imprisonment, this was due to his own, rather than his counsel's, failings.

Additionally, White's complaint that his counsel was ineffective for failing to secure the testimony of Atkins, the director of the drug treatment program, at sentencing does not meet the *Strickland* standard. To prevail on this claim White would have to show what testimony Atkins would have provided and how it would have made the outcome more favorable to him. Generally this showing is made via an affidavit from the would-be witness. White did not file an affidavit from Atkins, or otherwise attempt to show what Atkins's testimony would have been and how it would have helped his case. Indeed, given White's parole officer's testimony that he was told by Atkins that White did not complete the program, it may have been a wise decision by counsel to not call Atkins at sentencing.

Finally, White complains that his trial counsel was ineffective for failing to preserve his right to appeal and for failing to secure presentence credits at sentencing. As to these issues, the Court has already addressed the validity of the plea bargain. Waiver of appellate rights is a common and constitutionally sound component of many plea agreements. Furthermore, White was ultimately allowed to appeal and therefore cannot show prejudice stemming from this alleged error. Similarly, White waived his presentence custody credits as part of the plea agreement. RT at 60, 120. White's counsel was not ineffective for crafting the plea agreement to include these waivers and none of White's federally protected rights were violated by the agreement.

**2.     Appellate Counsel**

White argues that his appellate counsel was ineffective for filing a *Wende* brief, rather than raising specific issues on appeal. *See People v. Wende*, 600 P.2d 1071 (Cal. 1979). White was permitted by the court of appeal to file a notice of appeal. Pursuant to the California Supreme Court

ORDER

case *People v. Wende*, White's appointed appellate counsel filed a brief certifying that she had reviewed the record and found no specific appealable issues and requesting that the court of appeal independently review the record. Docket No. 7, Ex. 4. In the *Wende* brief appellate counsel also certified that she had informed White of his right to file a supplemental brief outlining specific issues. *Id*. at 6. White filed a supplemental brief, and the court of appeal addressed the issues he raised. Docket No. 7, Ex. 5; *Id*., Ex. 6.

"The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right." *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989). Claims of ineffective assistance of appellate counsel are reviewed under the *Strickland* standards. *Id*. at 1433–34. Thus, a petitioner must show both that appellate counsel fell below an objective standard of reasonableness and that but for this shortcoming there is a reasonable probability that the petitioner would have prevailed on appeal. *See id*.; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Setting aside the first prong of the *Strickland* analysis, it is plain that White cannot demonstrate prejudice. Where, as here, the appellate court addresses the specific issues that appellate counsel allegedly ineffectively failed to raise, there is *no* probability that the petitioner would have prevailed on appeal. The California Court of Appeal addressed the issues White raised in his supplemental brief and concluded that none were "reasonably arguable issues." Docket No. 7, Ex. 6 at 4. Therefore, White's ineffective appellate counsel claim must fail.[1]

## IV.   Presentence Custody Credits

Finally, White argues that he was denied presentence custody credits at sentencing. As addressed above, White framed this issue initially as an ineffective assistance of trial counsel claim. In his petition he restates the issue as an independent ground, citing the Fourteenth Amendment. Docket No. 1 at 6. As explained above, as part of the plea agreement which White freely entered into, but ultimately failed to fulfill, he waived presentence custody credits. RT at 60, 120. Habeas relief is therefore not available for this claim.

---

[1] The United States Supreme Court has held that California's *Wende* procedure does not violate the Fourteenth Amendment. *Smith*, 528 U.S. at 265.

**IT IS THEREFORE ORDERED:**

The petition for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED**. The Court is of the view that a certificate of appealability should be addressed now, rather than after White's petition and the issues raised therein fades from memory. Appeal may not be taken without a certificate of appealability from either this Court or from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2253.[2] The standard for granting a certificate of appealability has been stated as follows: "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). White has made no such showing. The Court will therefore not issue a certificate of appealability in this case. White may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel.

Dated at Anchorage, Alaska, this  29  day of August 2005.

                                                          /s/ James K. Singleton
                                                 **JAMES K. SINGLETON, JR.**
                                                   United States District Judge

---

[2] Section 2253 of Title 28 of the United States Code provides in relevant part:
  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
  (B) the final order in a proceeding under section 2255.
  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).